DISTRICT OF OREGON
**FILED**
**February 28, 2013**
**Clerk, U.S. Bankruptcy Court**

Below is an Order of the Court.

TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re:<br>**Arnica Publishing Inc.**<br><br>Debtor(s) | Case No. **11-40925-tmb7**<br><br>APPLICATION TO EMPLOY ATTORNEY<br>***ON CONTINGENT FEE BASIS***;<br>**AND ORDER AND NOTICE THEREON** |

1. The trustee applies to employ **Christopher Blattner and Motschenbacher & Blattner LLP**, OSB# **821941**, whose address is **117 SW Taylor St, Ste 200, Portland OR 97204**, to provide the following services:
**Representation of the Estate as Special Counsel in regards to prosecution of pooled claims of the Estate and certain creditors related to the Debtor's project to publish and sell to Costco Warehouse Inc. a McCormick & Schmick's Cookbook/Gift Card/DVD package for the 2008 holiday season (the "2008 Costco Project"), which McCormick & Schmick's allegedly misappropriated from the Debtor for little or no consideration, including avoidance of the subsequent global release apparently signed by the Debtor in 2009 for no consideration (together, the "Claims") -- all described further in the Joint Prosection and Settlement Agreement that has been approved by the Court. See Order, Doc. 13.**

2. The terms of the attorney's contingent fee agreement are:
**Attorneys of Motschenbacher & Blattner LLP shall be paid 50% of their hourly rates (e.g., Mr. Blattner at $162.50/hr; Nick Henderson at $125/hr; Troy Sexton at $92.50/hr.), and a contingency fee of 30% of net sums recovered, after deductions for costs and hourly fees paid. Pursuant to the proposed joint prosecution and settlement agreement with certain creditors, those certain creditors shall be liable for all fees and costs of Motschenbacher & Blattner LLP and those creditors shall therefore receive the benefit of most of the net recovery from the Claims after payments due counsel. The Estate shall receive the greater of the first $25,000 or 10% of any net recovery (plus the nonrefundable $15,000 settlement payment).**

3. The contingent fee is appropriate because:
**The Estate does not have the resources to appropriately prosecute the Claims itself, and the creditors have negotiated the proposed mixed hourly/contingent fee agreement with Motschenbacher & Blattner LLP, which has invested significant time in its investigation of the issues and has familiarity with the Claims.**

4. The details of any settlement offers to date are:
**None.**

 *** SEE NEXT PAGE ***

5.  To the best of the trustee's knowledge said attorney has no connections with the entities listed in the verification below, except as described therein.

DATE: _____                                                              _____
                                                                                                              Trustee

      I, the attorney named above, verify that I will be the trustee's attorney of record; I have read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and my firm has no connections with the debtor(s), creditors, U.S. Trustee, Asst. U.S. Trustee, any employee of either the U.S. Trustee or Asst. U.S. Trustee, any District of Oregon Bankruptcy Judge, any other party in interest, or their respective attorneys or accountants, except as follows:

_____
Attorney Signature

      **IT IS ORDERED AND NOTICE IS GIVEN** that employment of the above named attorney is authorized on the contingent fee basis stated in pt. 2 above, unless within 23 days of the date in the "FILED" stamp on page 1 an interested party BOTH  (1) files a written objection to such employment on the above terms, setting forth the specific grounds for such objection, with the Clerk of Court (i.e., if the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 SW 5th Ave. #700, Portland OR 97204; OR if it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401); AND (2) serves a copy on the trustee at _____
_____.

###